RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 16 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 16 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| Susan R. Martin | CIVIL ACTION<br>FILE NUMBER: 1:10-CV-3133 CAP |

**PLAINTIFF**

**VS.**

**IXIS Real Estate Capitol Trust 2006-HE Mortgage Pass
Through Certificates, Series 2006-HE-1,
Deutsche Bank National Trust Company, as Trustee for IXIS
Real Estate Capitol Trust 2006-HE Mortgage Pass Through
Certificates, Series 2006-HE-1,
C/O Weissman, Nowack, Curry & Wilco, PC (representing
Lender), Ocwen Mortgage Company, LLC
Saxon Mortgage Services, Inc.
HSBC Mortgage Services, Inc.**

**DEFENDANTS**

---

**AMENDMENTS TO THE PLEADINGS
COMPLAINT/LAWSUIT FOR PERMERANAT INJUNCTION
IMMEDIATE CEASE AND DESIST AND OTHER
EQUITABLE RELIEF**

Comes now, the Plaintiff, **Susan R. Martin**, in the
above styled matter and files this Complaint for Permanent
injunction and other Equitable Relief.

## INTRODUCTION AND FACTS

On September 14, 2005,  I, **Susan R. Martin,** the Plaintiff, obtained and secured a loan from **First NLC Financial Services, LLC,**  in the amount of **One-Hundred eighty-three Thousands dollars two-hundred dollars (US $183,200.00),** herein referred to as the Lender.

## AMENDED AND SUPPLEMENTAL CHARGES

1. **Predatory Lending**
2. **Fraudulent Accounting Practices**
3. **Concealment/Fraud**
4. **No legal representation prior to closing and/or closing**
5. **violation of RESPA (need original blue ink documents)**
6. **To include Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2006-HE-1 Mortgage Pass Through Certificates, Series 2006-HE-1, added as Defendant and request for additional Documents from IXIS Real Estate Capital Trust 2006-HE-1 to show interest in property, proof of claim.**
7. **To include IXIS Real Estate Capital Trust 2006-HE-1 Mortgage Pass Through Certificates, Series 2006-HE-1**
8. **Request for original signed closing documents, NOTE, and all accounting records.**

The loan was for the purchase of the property located at **7874 Barrington Trail, Jonesboro, Ga.  30236.** The number loan numbers associated with this loan is **2000144830(Saxon), 0071747067(Ocwen), and 0011799319(HSBC).** The interest rate for this loan **is 7.615% on the first and 12.415% on the second.**

**Page 1**

The loan was for the purchase of a home located at 7874 Barrington Trail, Jonesboro, Ga.  30236.

This is a Predatory Loan, I,  **Susan R. Martin,** was tricked into purchasing this loan. " Predatory loans are a scheme designed to trick low income people into a loan that they cannot afford, nor can they afford to pay back."

This loan is part of a pool of securities that have been sold for investment on Wall Street. (Loan was sold prior to signing of Closing documents.)    All documents were not given to **me,** before the closing, to view as per TILA ACT 15 U.C.S 1601 ET **Regulation Z Early Disclosure Statements,** were not provided to Plaintiff.  Special information booklets containing consumer Information was omitted.  The Controlled Business Arrangement (CBA) disclosure, which is required was not given to the consumer as **Required** 12 U.S.C. 2607c (4).

This loan has been transferred from First NLC to Saxon, from

Page 2

Saxon to Ocwen. At no time were all closing docs given to
Plaintiff documents were not provided to me. **TILA (Truth in
Lending Act, 15USC 1601 et seq CFR Part 226)** allows three
years to review Disclosure Documents. The referenced "Three
Day Right to Cancel" must have a trigger to begin. That trigger, is
when **Ocwen Mortgage, Saxon Mortgage and HSBC.,** provide
me the Plaintiff with all of the required Disclosures under **TILA,**
and the same are true, complete, accurate, and timely provided. I
have not been given a copy of all signed documents from the
closing. I did not have representation at the closing that would
have provided me with proper and correct information.

Being as the entire purported loan/mortgage process and Deed
of Trust referenced herein and throughout, was obtained by
wrongful acts of fraud inducement, concealment and fraudulent
misrepresentation, I have other recourse, right and cause of action
under numerous state and federal statues. Acts of fraud taint/void

Page 3

everything it touches as the US Supreme Court has Declared:

**"There is no question of the general doctrine that fraud vitiates**
**The most solemn contracts, documents, and even judgments."**
**(United States v. Throckmorton, 98 U.S. 61).**

To this date, the Defendants have never provided the Plaintiff with

true, complete, accurate or timely documents as required. Only

after such provisions have been done, can the "3 Day Right to

Cancel" period begin. If the required full Disclosure(s) have not

been provided then the period in which to cancel is extended for up

(3) years. Plaintiff, intend to file affirmative defense for set

violations to The TRUTH- IN-LENDING ACT, and a counter

claim for damage for RICO, TILA violations, usury, fraud in the

inducement and fraud in the execution, and malicious abuse of the

process among other causes of action.

   This loan should be rescinded as per TILA 15U.S.C. (b);

Reg Z 226.15 (d)(1), 226.23(d)(1). 226.15 and 226.23 **Predatory**

**Page 4**

**Lending Practice** 15U.S.C. 1602(a)(1)(A).

I have asked that the Note Holder show proof of all of the

closing papers by original Promissory note as to who the real

holder in due course is ......... please see United States

District Court Case for the Northern District of Ohio Case No.

07CV2282.

## JURIDICTION AND VENUE

This court has subject matter jurisdiction over this matter

Pursuant to 15 U.S.C.  45(a), 53(b), 1607(c), 1691c© and 1681

S (a) and 28 U.S.C. 1331, 1337(a) and 1345. Venue is proper

in the United States District Court for the Northern District of

Georgia under 28 U.S.C. 139(b) and (c ) 53(b).

## Parties

The Plaintiff, **Susan R. Martin,** is an ordinary citizen

trying to accomplish the American Dream of home ownership.

All time relevant to this complaint, defendants have operated a

business in the United States.  **Saxon Mortgage, 4708 Mercantile Drive, North, Forth Worth, Texas,  76137. Ocwen Mortgage Company, LLC., 1661 Worthington Road, Suite 100, West Palm Beach FL, 33409.  HSBC Mortgage Services, Inc. 26525 N Riverwoods Blvd, Lake Forrest, IL 60045  and Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capitol Trust 2006-HE-1 Mortgage Pass through Certificates, series 2006-HE-1, C/O Weissman Nowack, Curry & Wilco, P.C., 3500  Lenox Road, 4th  Floor,  Atlanta, Georgia  30326.**

## INJURY

**Susan R. Martin**  has suffered, and will continue

to suffer, substantial injury as a result of the defendant's

violations of the law.

## STATEMENT OF CLAIM

The plaintiff has been violated by the Defendants deliberate

failure to give him all the necessary disclosures and by excessive

fees charged during the closing and servicing of this loan.

See IN RE HAWNG, 396 B.R. 757 (Banker C.D. Cal. 2008).  The

Plaintiff was never told that her interest rate increased due to

certain conditions may change.

The Plaintiff was never told that he was getting or got a **second mortgage, until closing table.** The Plaintiff was never given all docs prior to closing. The documents were explained to the Plaintiff at closing. She did not know she would not be getting a 30 year fixed loan until she was told at closing table.

Defendant's failure to give all disclosure information to Plaintiff has caused her harm in that she could not make informed decisions. See **TILA** 15 U.S. C. 1601 Regulation Z.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court, as authorized by and pursuant to it's own 11U.S.C. 362(a) and pursuant to its Owned equitable powers.

(a) Find the defendants jointly and severally liable for Redress to the Plaintiff.

(b) Permanently enjoin and restrain defendants from violating TILA, Regulation Z and RESPA in any way where **Susan R. Martin** is concerned.

Page 7

( c) Enter Judgment against that the defendants and in favor of the Plaintiff for each violation charged in the complaint.

(d) Cease and desist any and all further duties/actions or said appointment(s), or assignments(s) including debt collections and any foreclosure actions.

Who have been injured as a result of the defendant's Violations? The FTC Act, TILE and Regulation Z. Award such relief as the Court deems necessary to Prevent enrichment and to redress borrower injury Resulting from violations of 5(a) of the FTC ACT, TILA and Regulation Z, The ECOA's Regulation B, And the FCRA, including, but not limited to Rescission Or reformation of Contract, the refund of monies paid And disgorgement of ill-gotten gains. That the above Request for damages be assets:

(e) For violation of the TILA ACT

(f) Punitive damages for harassment, emotional distress And displacement. See Young vs. Bank of America 141 Cal. App 3d 108 (1983). Munger vs. Moore 11 Cal. App. 3d 1 (1970).

(g) Plaintiff also seeks statutory damage and equitable Damage. (as the Court deems fair.)

(h) That the Plaintiff is award special damage of $203,000.00.

Page 8

(I)   And three times amount set  by TILA for violations.

Award Plaintiff its cost to bring this action, as well as such other

Additional equitable relief as the Court determines to be just

And proper.

If it becomes necessary to prosecute this action, that this

Case is tried by a jury of 12 Persons.

Date _____

Respectfully Submitted,

*Susan R. Martin*

**Susan R. Martin**

**Sworn to and subscribed before me**

**This** ___16th___ **day of** November **2010**

Quany Edwards

**Notary public**

**My Commission Expires**



TWANY EDWARDS
Notary Public
Fulton County
State of Georgia
My Commission Expires Nov 7, 2011

**Page 9**

**VERIFICATION**

**Susan R. Martin**
**7874 Barrington Trail**
**Jonesboro, Georgia  30236**

Personally appeared before me, the undersigned attested officer.  I,

**Susan R. Martin,** state under oath that the facts contained in the

foregoing complaint are true and correct.   To the best of my knowledge.

*Susan X. Martin*

Susan R. Martin

**Sworn to and subscribed before me**

This 16th day of November ,2010

Duany Edward

Notary Public

My commission Expires  11-7-2011

Seal   TWANY EDWARDS
       Notary Public
       Fulton County
       State of Georgia
       My Commission Expires Nov 7, 2011

**Page 10**

**Affiant:  Susan R. Martin**

**VERIFIED PUBLIC NOTICE OF RECISSION FOR BREACH OF
FIDUCIARY DUTY NEGLECT MISREPRESENTATION, FRAUD
IN THE INDUCEMENT, FRADULENT CONCEALMENT, ULTRA
VARIES AND UNJUST ENRICHMENT.**

## AFFIDAVIT OF RECISSION
## SWORN AND SUBSCRIBED

I, **Susan R. Martin,** hereinafter "Affiant and real party in interest with clean hands. Under injury, am of legal age, having first hand knowledge of the facts contained herein, am competent to state the following matters that they are true, correct, and complete, presented in good faith, and not intended to mislead. Affiants hereby revokes, rescinds, cancels, abrogates, annuls, nullifies, discharges and makes void ab initio all signatures, belonging to me on:
MULTISTATE FHA FIXED RATE NOTE - GEORGIA CASE NO._____
_____. To include Uniform Residential Loan Application including all addendums, MULTISTATE FHA FIXED RATE NOTE, Direct Endorsement, and Certificates, Document Correction and Fee Due Agreement, Planned Unit Development Rider, FHA Planned Unit Development Rider, Waiver of Borrower's Rights, Closing Attorney's Affidavit, Right to Accelerate, Truth In Lending Disclosure Statement, Foreclosure Disclosure and all powers of attorney. On the grounds of Breach of Fiduciary Duty, Negligent Misrepresentation, Fraud in the Inducement, Fraudulent Concealment, Ultra Vires & Unjust Enrichment.

The undersign on oath, being first duly sworn, hereby certifies as following:

1. Respondent is a Title 12 U.S.C., Bank(s) subject to the prescribed Regulation authority of, The Comptroller of the Currency and Federal Reserve System under Title 12 of the code of federal regulations.
2. The Respondent(s) is a corporation(s) organized and existing under the laws of the Unites States of America, as operating business(as).
3. It is beyond the power of the Respondent(s) charter to lend credit According to Title 12 U.S.C., therefore a contract made by a Corporation beyond the scope of it's power, express or implied, on the proper construction of it's charter, cannot be enforced, or rendered enforceable, thereby being ultra vires. " It is not within those statutory powers for a national bank, even through solvent to lend it's credit to another in any of the various ways in which that

that might be done. "FEDERAL INTERMEDIATE CREDIT BANK
VS L  HARRISION 33 F 2d 841, 842, (1929).

4. It is beyond the power of the Respondent(s) to risk it's own asset,
which  would violate Title 12 U.S. C., therefore a Respondent(s)
cannot have an equitable interest in the property commonly known
as 7874 Barrington Trail, Jonesboro, Georgia  30236.

5. Respondent(s) fraudulently signed the Closing Attorney's Affidavit,
stating that prior to execution of the security instrument, that informed
Affiant of her Georgia and United States Constitution Rights,
especially, the fifth and fourteenth amendments, were fraudulently
concealed at the closing of the above mention loan.  Therefore,
Affiant did not intentionally and willfully waive their constitutional
rights. "There is no question of the general doctrine that fraud
vitiates the most solemn contracts, documents, and even judgments."
United States vs. Throckmorton, 98 U.S.

6. Respondent(s) concealed from Affiant, the applicable discount and
lending fee for the monetization of the Note therefore creating a
secret security interest in the transaction where relief cannot be
granted.

7. Respondent(s) failure to disclose risks and ramifications created a
legal liability for Affiant where none had previously existed.

8. Respondent(s) concealed from Affiant that the accepted **"NOTE"**
upon securitization was a financial asset of the Affiant pursuant to
O.C.G.A. 11-8-103(d) and said **"NOTE"** funded the full
transaction(s)  pursuant to O.C.G.A. 11-3-104 & 105. Thereby
fraudulently concealing the fact that Affiant owed zero debt to
Respondent(s), and mortgage(s) said property to Respondent(s)
without good faith to pay interest on an extension of credit. "Any
false representation of material facts made with knowledge of
falsity and with intent that is shall be acted on by another in
entering into contract, and which is so acted upon, constitutes
"fraud" and entitle party deceived to avoid contract or recover

Page 13

damages. "Barnsdall Refining Corn vs. Birnam Wood Oil Co. 92 F 26 817."

9. Respondent(s) did not disclose to Affiant, that Affiant is the make, Originator and grantor of said **"NOTE"** that funded the transaction(s).

10. Respondent(s) concealed from Affiant, that what they do when they make loan(s) is to accept promissory notes in exchange for credit to the borrows transaction account and transfer the **"NOTE"** to the Federal Reserve Bank pursuant to 12 CFR 201.108(2)(5) for an extension of credit on the bank borrowing agreement. "It has been settled beyond controversy that a national bank, under Federal Law being limited in its power and capacity, cannot lend Its credit by guaranteeing the debts of another. All such contracts entered into by its officer are ultra vires ....... "Howard & Foster Co. vs. Citizens National Bank of Union, 133 SC 202, 130 SE 759 (1926).

11. Respondent(s) concealed from Affiant, that the Affiant is the first funds transferor, therefore, the Affiant is the true lender and account creditor.

12. Affiant signed a contract with Respondent(s) that was absent of risk disclosure, informed consent, and exchange of equal valuable consideration, therefore, all contracts between Respondent(s) and Affiant are null and void. "A bank is not the holder is due course upon merely crediting the depositors account." Bankers Trust vs. Nagler, 229 NYS 2d 142,143.

13. Respondent(s) fraudulently concealed from Affiant, that the Truth in Lending Disclosure Statement provided by the Respondent(s) was an inaccurate sum certain amount and not the true maturity value and interest rate of the **"NOTE"** .

14. Respondent(s) concealed from Affiant, that under Title 12 USC 1813(L)(I) when the make of a promissory note deposit it, it

becomes a cash item of the equivalent of cash.

15. Respondent(s) concealed from Affiant, the records of FR 2046,2644, and 2900 balance sheet, 1099 Report, S-3/ A registration statement, 424-B5 prospectus, or RC-S & RC-B Call Schedules.

16. Respondent(s) concealed from Affiant. Federal Accounting Standards Summary Statement No. 95 pursuant to Accounting Standards Codification 230 to Affiant, which is defined as a statement of cash flows.

17. Respondent(s) concealed from Affiant, that they have an offsetting liability to the issuer of said **"NOTE"** pursuant to Federal Accounting Standards 140, General Accepted Accounting Principals (ASC), and Thrift Financing Reports (TFR), to the extent that consideration other than beneficial interests in the transferred assets is received in exchange. There is no evidence of that principal or full consideration paid to Affiant(s) from Respondent(s).

18. Respondent(s) concealed from Affiant, information about accounting policies, volumes, cash flows, key assumption made in determining fair value of retained interested, and sensitivity of those fair values to change in key assumptions pursuant to Accounting Standards Codification 235.

19. Respondent(s) concealed from Affiant, pursuant to Federal Accounting Standards 140 Paragraph 14, that the retained interest in the loan as a Financial Asset was subject to Prepayment. also pursuant to Paragraph 12, if a transfer to financial assets in exchange for cash or other consideration (other than beneficial interests in the transferred assets) does not meet criteria for a sale in paragraph 9, the transferor and transferee shall account for the transfer as a secured borrowing with pledge of collateral), said collateral being the above mentioned **"NOTE"**. Respondent(s) taking said instrument pursuant to O.C.GA 11-3-307(4)(ii) is in direct breach of fiduciary duty.

20. Respondent(s) concealed from Affiant, (a) the total principal amount outstanding, the portion that has been derecognized, and the portion that continue to be recognized in each category reported in the statement of financial position, at the end of the period; and (c ) credit losses during the period.

21. Respondent(s) concealed from Affiant, all the assignments, transferred, or any other non-disclosed document with the power to recovery interest in said property to Affiant.

22. Respondent(s) efforts to bind Affiant to Security Deed and to assume the status of a fiduciary debtor, does comprise on its face Respondent(s) confession of fraudulent inducement, enticement to slavery and a high crime against mankind, as an operation of law.

23. Respondent(s) concealed from Affiant, the Affiant would be acting as surety for the transaction, therefore, one who agrees to be a surety for another party would receive an asset from the one asking the surety for the service. "In the federal courts, it is well established that a national bank has not power to lend it's credit to another by becoming surety, endorser, or guarantor for him." Farmers and Miners Bank vs. Bluefield National Bank, 11 F 2d 83, 271 U.S. 669. ...."sureties compelled to pay debts for their principal have been deemed entitled to reimbursement, even without a contractual promise ...... and probably there are few doctrines better established ......"Pearlman vs. reliance Ins. Co., 371 U.S. 132(1962).

24. Affiant owe zero debt to Respondents(s) **Ocwen Mortgage, Saxon Mortgage, HSBC,** said account(s) having been adjusted according to public policy to zero balance, there being no evidence to the contrary, the record is made and uncompromised.

25. Pursuant to O.C.G.A. 44-14-81, when power of sale barred: Powers of sale in the conveyances of real property to secure debt shall not

Page 16

be exercised after an action to foreclose the instrument is barred. A sale or conveyance under power in such instrument after an action to foreclose the instrument is barred shall be absolutely void and not merely avoidable.

26. Affiant is now subject to a claim of free and clean title to the above mention property, including a claim to rescind negotiation and to recover the instrument and it's proceeds, plus interest pursuant to O.C.G.A. 11-3-306 & 305 and Title U.S.C. 1601 et seq.

27. Respondent(s) expressly implied that they would not accept a specific coin or currency for repayment on the servicing of the above mention loan, which is in violation of the "gold clause" Title 31 USC 5118," ….. checks, drafts, money orders, and Bank notes are not lawful money of the United States …. "State vs. Neilon, 73 Pac 324, 43 Ore 168.

28. Respondent(s) failure to provide verified rebuttal to this affidavit Point-by-point no later than twenty (20) days from the date of service, or request additional time to comply, with comprise Respondent(s) agreement with and confession of all facts herein, in perpetuity, the said confession being res judicata and stare decisis. Furthermore, Notice of Removal and Notice of Default Judgment will be recorded with attached copy of the mentioned Security Deed stamped "revoked".

29. Except for a Jury, it is also a fatal offense if any people , to impair or expunge, without a Counter-Affidavit, any Affidavit or any Commercial process based upon an Affidavit.

30. Respondent(s) through their conduct as Server have defrauded Affiant and based upon there actions are in violation of section 8(b) of 8(c) of the Federal Deposit Insurance Act, section 5(d)(2) or 5(d)(3) of the Home Owners Loan Act of 1993, section 407(e), 407(f) of the National Housing Act, and the Truth-In-Lending Act, 15 USC 1601 et seq., the Home Ownership and Equity Protection Act, 15 USC 1639, the Federal Trade Commission Act, 15 USC 41 et Seq., the Equal Credit Opportunity Act, 15 USC 701 et seq., the Fair Credit Reporting Act, 15 USC 1681 et seq., the Fair Housing Act.

**I, Susan R. Martin, HEREBY EXERCRISE MY RIGHT TO RESCIND THE LOAN TRANSACTION IN IT'S ENTIRETY UNDER THE THREE DAY RULE, THE THREE YEAR LIMITATION, AND UNDER THE USURY AND GENERAL CLAIMS THEORIES AND CAUSES OF ACTION. BY FAILING TO DISCLOSE THE "LENDER" AT CLOSING WAS PAID TO POSE AS THE LENDER WHEN IN FACT AN UNDISCLOSED UNREGISTERED THIRD PARTY HAD RENTED THE CHARTER OR LENDING LICENSE OF THE "LENDER" THE LIMITATION ON MY RIGHT TO RESCIND WAS EXTENDED INDEFINITELY. UNDER STATE AND FEDERAL LAW, THE MORTGAGE IS NOW EXTINGUISHED AND YOUR RIGHTS UNDER THE TRUSTEE DEED HAVE TERMINATED. I, Susan R. Martin,** hereby rescind my loan and declare it to be null and void and demand treble damages for the face value of the note, on the ground set forth below.

1. **Appraisal Fraud**: The original loan transaction and application were falsified by the lender, (the parties named at the closing as the beneficiary under the Trustee or the mortgage, and the party named on the promissory note that was allegedly secured by the mortgage or terms of the trust), it's agents, servants and employees as to fair market value of the property, the borrower's ability to repay and the prospective terms and fees associated with the loan. At the behest and direction of the "lender" the property was appraised at a much higher amount that was warranted by good appraisal practices conforming to industry standards. All parties at the loan closing, other than the borrower(s) were aware of the appraisal fraud and directly and intentionally withheld this vital information from the borrower. The borrower reasonable relied upon this appraisal, believing that the "lender" was at risk and had performed due diligence and conformed with underwriting practices conforming with industry standards, when in fact the "lender" was not at risk, the loan was in essence "table funded" and the real lender was hidden from the borrower. Not only did the borrower not know about the existence of the real lender, but the real lender's identify and contact information were withheld at the loan closing so that the borrower(s) was unaware of the realities of the closing, nor that the "loan closing" was in fact part of a scheme to issue a negotiable

instrument that would be issued by the borrower (by trick and deception)
and later converted to uses and terms, including allocation of payments
inconsistent with the original terms of the note and inconsistent with the
reasonable expectations of the borrower. The over-appraisal conformed
to an illegal scheme to defraud investors in certificates of asset backed
securities that were similarly overvalued. In both instances, the appraisal
of the property and the appraisal of the securities, the true parties to the
entire transaction paid and directed "independent" third parties to lie
about the quality and value of the "investment". For the borrower, the
scheme shortened the expected life of duration of the loan transaction,
and taking the appraisal fraud into consideration, along with the many
undisclosed fees, resulted in an exponentially higher cost of the loan
than what was estimated or disclosed prior to or at closing. Borrower
was induced to pay more for the property and borrow more on the
property that the property was worth.

2. **Fraud in the Inducement:** Borrower's reasonably relied to
   detriment upon the representations and good faith estimates and
   the duty of the mortgage broker and "lender" to act within their
   duties as fiduciaries and representatives of the borrowers in
   executing a loan that was vastly different from the loan the
   borrower was promised or reasonably believed to be the case at
   the loan closing.

3. **Fraud in the Execution:** Borrower reasonably relied upon the
   representations and good faith estimates of the parties at the loan
   closing and was tricked into issuing what became a negotiable
   security from which the participants received fees and profits far
   in excess of their normal remuneration. The participants at the loan
   closing knew that the borrower believed that the borrower was merely
   entering into a loan closing when the borrower, without her knowledge
   or consent was in fact issuing what would be used as a negotiable
   security to commit fraud upon other third parties.

4. **Usury:** The appraisal fraud resulted in an undisclosed cost of the loan,
   In addition to the loss of earnest money, cost of the closing and after-
   Purchase expenses and cost that raised the cost of the closing and after-
   Purchase expenses and cost that raised the cost of the loan well above
   Standards set in this for usury. No exemptions apply because:

1. The real lender was not a bank or other registered or chartered Lender nor even a party registered to do business within the State.

2. The transaction was in fact a securities transaction in which the Rights of rescission were ignored and undisclosed.

5. **Payment:** The "lender" was paid in full before, during and or immediately following the loan closing by an agent of the real lender. To this was added a fee of at least 2.5%. If there was or is a party that a holder in due course of the note and who has not been paid by reserves, over collateralization, credit default swaps, insurance, or cross guarantees, then demand is herewith made for the name(s) of such holder(s) in due course and their contact information.

**Affiant further sayeth naught:**

**FALSE, FRAUDULENT, FORGED & FABRICATED MORTGAGE ASSIGNMENTS - AN INCREASE  PREDATORY SERVICING PRACTIC UNDER INCREASED JUDICIAL REVIEW AND CRIMINAL INVESTIGATION**

1. False, forged, fraudulent and fabricated assignments of mortgage and deeds as well as satisfactions of mortgages/deeds and their release of liens documents are a predatory mortgage servicing practice.

2. Review of Green Planets website show that they service loans using the LPS (formerly fidelity) mortgage servicing system. LPS is currently under criminal investigation for fraudulent assignments of mortgage.

3. The fraudulent assignment practice was also the subject of a special report title Sue First & ask question later issues in 2008 that is the Foundation and ground zero for advocates and the government's Investigation of fraudulent and fabricated mortgage/deed assignments.

4. Guidance to lawyers, regulators and others to closely examine each assignment of mortgage/deed as well as satisfactions and to download them from public county records and clerks offices and compare the signatures of the various executives and employees executing the documents.

5. Judges have also cited the works and warning to the industry and many Judges are now sanctioning lawyers and their clients such frauds as well as dismissing cased with prejudice to the industry so called documents issues.

6. Wall Street Journal stated in an article located at : http://online.wsj.com/article/SB1000142405270234507045751602427585767 42.html. that_ "The case follows on the dismissal of numerous Foreclosure cases in which judges across the United States have found that the materials banks have submitted to support their claim were wrong. Faulty bank paperwork has been an issue in foreclosure proceedings since the house crisis took hold a few years ago. It is often difficult to pin down Who the real owner of a mortgage is thanks to the complexity of the mortgage market."

7. Investigation shows that the fraudulent assignment is more sinister than Faulty paperwork. Thus, the reason for a criminal investigation. Assignments identified, show not only backdating and "future and Advance" dating of important assignment to/from Bogus Assignors and Assignments that were identified.

8. Pew family trusts which is a beneficiary and/or remainder man have maintained investment in various banks, mutual funds and other entities that maintain interest in various shares, mortgage backed

securities and/or debt issuances have been shareholder in many mortgage companies including Fannie Mae, Bear Stearns, Washington Mutual, MGIC, Ocwen, and Radian many of which are members, owners and shareholders in Mortgage Electronic Registration, Inc. (MERS).

9.  As such we should be concerned about fraudulent practices found in the mortgage market that are now the concern of many state and federal regulators,  state AGs, plaintiffs counsel and judge across the nation.

10. Many of the allegations and claims that have been made over the years have been found to be true in various jury, court and arbitration Ruling FTC, USDOJ and OFHO investigations and settlements; class Action lawsuit settlements and investigations and settlement by the majority of the nation's state attorney generals.

11. These include actions, ruling, investigations and settlements related to The following companies EMC Mortgage, Bear Stearns, Fairbanks Capitol, The Associates, Ocwen, Litton Loan, Household Finance, Ameriquest, Washington Mutual and Now MERS.

12. Evidence and allegations of numerous frauds and abuses by members of the foreclosure bar of unethical, illegal and potentially criminal conduct.

13. Recently the U.S. Attorney offices in New York and Florida are conducting criminal investigations into allegations that the mortgage Service co., their default and forge mortgages assignments to conceal the true ownership and chain of title to borrower's promissory note.

14. Depositions taken of many industry representatives conclusively prove that the person attesting to facts presented in assignments as well as affidavits regarding foreclosure and bankruptcy cases does not have relevant knowledge of the facts that they are attesting to and they are simply rubber stamping affidavits as to facts and assignments.

15. Servicer provide evidence that the mortgage server including the Plaintiff's in this matter are unable to verify and attest to which party (or client) can be held accountable for bringing meritorious foreclosure actions.

16. This is a major legal handicap in any server or the Plaintiff's Ability to:

A. Allege the proper and lawful amounts claimed due.
B. Attest to the default status of a loan or date of default.
C. Delineate the chain of title to the promissory note.
D. Reveal the true owner of the note and holder in due course.
E. Allow parties to produce discoverable evidence and testify in Support of Plaintiff allegations
F. Produce the proper decision maker for appearance at mediation Conference.
G Show who are the proper parties who can lawfully receive and Approve modifications, short pays, settlements accord and Satisfaction and other alterations of terms and conditions.
H. Steer defendants in defendants can seek discoverable evidence And testimony in furtherance of their defense and counterclaims.

17. IN its motion before the Florida Supreme Court, the Shapiro Firm presented to the court the following conundrum: "The holder of the note are often unfamiliar with the status of the loans and rely upon the service to manage the loans, payments on the loans and foreclosure proceedings" Presented herein is a conflict of interest between the certificated holders of trusts and securitizations that illegally own and hold the note and the service of the mortgage that often have intentionally separated and bifurcated the mortgage securing the note's indebtedness. It may not be in the interests of the certificate holders of trusts and securitizations that allegedly hold the note for a law firm to depend solely on the servers for information.

18. Servers who have serviced the defendant's loan have inherent conflicts of interest and a decade old history sanctions and prosecution by state and federal regulators earned for their contribution to the fraudulent actions via predatory mortgage servicing practices, century loan sharks prepared for Americans against Mortgage abuse.

19. Documentation and evidence that the identical note was sold and transferred to multiple entities. These entities are our collective retirement, pension, mutual, and stock, investment and trust funds. also, these entities can also include hedge funds that were created to intentional profit from the industry - wide fraudulent practices.

20. The foreclosure factories/mills and their partner law firms are driving foreclosure into dangerous and uncharted territory, leaving

clouded titles by the thousand of thousand in their wake. They
collectively seek a court's blessings of their often unethical,
unlawful and potentially criminal acts.

21.    In U.S. Bank vs. Ibanez (08 MISC 384283 (KCL) and (08 MISC
       386755 (KCL) before Massachusetts Land Court Judge Keith Long
       involved securitized sub-prime mortgages that were foreclosed in the
       2007. The originated banks assigned the notes and mortgages
       "in blank" and the documents were then given to a custodian
       who kept them safely filed away while the securitization machine
       went to work.

22.    The consolidated cases involved mortgage foreclosure sales of
       residential properties in Springfield, MA that were and conducted
       by an entity without any record interest in the mortgage at the time of
       notice and sale. In each case the plaintiff was both the foreclosing
       party and the only bidder at the sale and the plaintiff's purchased
       the property at a substantial discount from its appraised value,
       wiping out all of the defendants equity in the properties leaving
       one of them with a substantial loan deficiency that would not have
       been owed had the property been sold for its appraised value. This
       is the identical industry-wide practice complained of herein and
       that the court sought to correct by its order.

23.    In each case, the plaintiff could not obtain insurance for the title it
       purportedly received from the sales and the plaintiff's then brought
       actions to "remove a cloud from the title" of the properties in
       question. As the plaintiffs themselves phrased it, did the Plaintiff
       have the right …to foreclose mortgage in light of the fact that the
       assignment of the foreclosed mortgage for the Plaintiff was not
       executed or recorded until after the exercise of the power of the
       sale "the present holder of the mortgage issue"?

24.    The Massachusetts court framed the question as the "present holder
       of the mortgage issue "It was decided against the plaintiffs in Ibanez,
       Ld, because the factual allegations in the complaints (binding on
       The plaintiffs pursuant to GL. c 231 87) showed that neither U.S.
       Bank in Ibanez nor Wells Fargo in Larace was the holder of the
       mortgage either on or off record at the time of the foreclosure sale
       was given or at the time the sale actually took place. According to
       those allegations both were assigned the mortgage long after the

foreclosure sales occurred. Thus on those facts as a matter of law, the
sales were invalid.

25. Incredulously, U.S. Bank in Ibanez and Wells Fargo in Larace then
moved to vacate Long's judgment making the following
arguments.

    A. They contended that the "Present holder of the mortgage issue"
came as a surprise to them and should not have been decided in
Connection with these cases.

    B. They  argued that they had they known the issue was going to be
addressed, they would have pled their case differently and
either limited their request for relief to the Boston Globe
issue or further supplement their evidentiary offering.

    C. They insist that since the defendants had been defaulted, it
inappropriate for judgment to be entered against the plaintiffs
and at worst their motion for default judgment should simply
have been denied with leave for them to amend and try again.

    D. based on new evidence and new arguments they have now
submitted post judgment they maintain they were "present
Holder of the mortgage" within the scope and meaning of GL.C.
244, 14 at the time of the notice and sale.  This is so they say
because the possessed the note (endorsed in blank) an
assignment of the mortgage in blank (I.e. without and identified
Assignee), and a contractual right to obtain the mortgage at those
time.  (They concede, however that the mortgage assignment
they ultimately recorded (an assignment specifically to them)
was an entirely new and different document, executed months
after the notice and sale).

    E. In the event the court disagrees that the possession of the note,
A mortgage assignment in blank and a contractual right sufficed
to make them "present holders of the mortgage" they contend
that the foreclosure sales were nonetheless valid because they
were authorized by the last record holder of the mortgage and
Plaintiffs acted as the "agent" of the holder. Via the evidence
Presented the Plaintiff appears to make the same argument.

26. The foreclosure factory/mills and their alleged clients ignored the
warnings and the other courts warning while the syndication and
the other courts warning while the syndication and foreclosure-

factory process rolled on without change or retooling. Lending and Wall street forms continued selling promissory note to Depositors that almost always were a subsidiary or affiliated entity.

27. The Depositor would then sell the loan into a Trust, managed by a trustee who was typically a different financial institution such as US Bank, Wells Fargo, Deutsche Bank and others. The original promissory notes, along, assignments riders and other original documents in the collateral/custodial file would allegedly he transferred to the Trust and he held by a Document Custodian, sometimes by the original Lender or another entity altogether. each of these entities earned fees based upon these purchases and or assignments.

28. Trusts are sold groups of promissory notes purchased in the pool and typically issued certificate which are purchased by an Underwriter including Wall Street investment banks themselves. The Wall Street firms would then sell the certificates to various institutional investors, including the public pension funds of the State of Georgia employees in private or public offering.

29. At various points in the syndication process, mortgages were sold and assigned to as many as four to five different entities from the original broker/lender to the warehouse onto the depositor and then trust. Syndication documents themselves usually require that each mortgage be assigned in recordable form and that these Assignments form a clean chain or title to the trust.

30. However, instead of complying with the process they were contractually obligated to follow, when a underlying mortgage and promissory note went into default the computerized servicing system of the servers automatically issued a referral counsel on a randomized basis similar to how cases are assigned in courts upon filing.

31. LPS, the system used by Green Planet is the company often charged with these responsibilities. When a foreclosure action is initiate, it is either done in the name of the server or MERS. Trustee acting on of the Trust's certificate holders.

32. The trustee is not name in the caption and style of the case and the assignments and transfer documents are executed by employees and executives of the servicer.

33. In thousands of foreclosures cases, MER has claimed to be the owner and holder of a promissory note and falsely claimed lost possession of such notes.

34. MERS executives and lawyers have stated and testified that MERS never collect payment and is not a server does not own and or hold promissory note and does not lend money in any of the mortgage transactions. It is not a bank but a private corporation. MERS also does not reflect ownership of promissory note in their books and accounting records.

35. Mr. Brochin stated that the information in the MERS system is only as good as reliable as what the server input into the system and that often servers do not enter at all or in a timely manner required to show a complete chain of title to the promissory note.

## ACCOUNT ACCOUNTING & SERVICING SYSTEM

1. Identify for me account accounting and servicing system used by you and any sub-servers or previous servers from the inception of the this account to the present date, so that these experts can decipher the data provided.
2. For each account accounting and servicing from the inception of this account to the present date; please provide the name and address of the company or parties that designed and sold the system.
3. For each account accounting and servicing system used by you and any Sub-service or previous server from the inception of this account to the present date, please provide the complete transaction code list for each systems so that we and others can adequately audit this account.

## DEBITS & CREDITS

1. In a spreadsheet form or in letter form in column format, please detail for us each and every credit on this account and the date such credit was posted on this account, as well as the date any credit was received.
2. In a spreadsheet form or in letter form in a column format, please detail for us each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.
3. For each debit and credit listed, please provide me with the definition for each corresponding transaction code use.
4. For each transaction code, please provide us with the master transaction Code last used by you or previous servers.

## LATE FEES

For the purpose of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1. Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or NO
2. Has any previous servers or sub-servers of this loan reported the collection of late fees on this account as interest in any

statement to me or to the IRS?  Yes or No

3. Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time?  Yes or NO
4. Are late fees considered interest?  Yes or No
5. Please detail for me in writing what expenses and damages you incurred for any payment that was made late.
6. Were any of these expenses or damages charged or assessed to this account in any other way?  Yes or No
7. If yes, please describe what expenses or charges were charged or assessed to this account?
8. Describe for me in writing what expenses you or other undertook due to any payment made.
9. Describe for me in writing what damages you or others undertook due to any payment made.
10. Identify for me in writing the provision, paragraph, section or sentence of any note, or any agreement I signed authorized the assessment or collection of late fees?
11. Detail and list for me in writing each separate late fee assessed to this account for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.
12. Detail and list for me in writing each separate late fee collected from the account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present.
13. Detail and list for me in writing any adjustments in late fees assessed and on what date such adjustments were made and the reason for such adjustments.
14. Has interest been charged on any late fees assessed or charged to this account?  Yes or No

The accounting and servicing of the agreement and my need for
understanding and clarification of various sales, transfers, funding
sources, legal and beneficial ownership, charges, credits, debits,
transactions, reversals, actions, payments, inception of my loan
to the present date.

To this date, the information, documents I, **Susan R. Martin**,
have sent, and the many conversations with your customer representatives/
agents have been unproductive and have not answered many or any
of my questions.

It has come to my attention that your company may have been accused
Of engaging in one or more predatory servicing or lending servicing
Schemes. As a customer, I, **Susan R. Martin**, is extremely
troubled to know about such practice by anyone: let alone any financing
company or Anyone who has any interest in this matter. I, **Susan**
**R. Martin**, am concerned that such abuses are targeting the
uneducated and uninformed/unaware consumer and disadvantaged, poor and
minority Americans.

Regardless, I, **Susan R. Martin**, am most concerned. This
situation concerns me that potential fraudulent and deceptive practices by

Page 30

unscrupulous broker, sales and transfers of credit and or servicing rights;

Deceptive and fraudulent accounting tricks and practices may have also

Negative affected any credit rating, loan account and or the debt or

payments that we are currently, or may be legally obligated to.

At this time, I, **Susan R. Martin**, hereby demand absolute

first hand evidence from you of the original **B L U E INK** signature of

the note that verify holder in due course of this alleged debt and or

security regarding my account.

In the case, that you do not supply me with the very security it will

be a positive confirmation on your part that you never really created and

owned our note. I, **Susan R. Martin,** hereby demand that a

chain of transfer from you to wherever the security is Now be promptly sent
to

me as well. Absent of the actual evidence of the security I, **Susan**

**R. Martin**, have no choice , but to dispute the validity of your lawful

ownership, Funding, entitlement right, and the current debt you allege we

owe. By Debt I, , am referring to the principle balance you claim

I owe; the calculated monthly payment and any fees claimed to be owed

By you or any trust or entity you may service or sub-service for.

To independently validate this debt, I, **Susan R. Martin,**

request that You conduct a complete exam, audit, review and accounting of this from its inception through the present date. Upon receipt of this filing, please refrain from reporting any negative credit information past and current.

I, **Susan R. Martin,** also request that you conduct this investigation and audit of this account by a CPA, Certified Public accountant (neutral party), since its origination to validate the debt you currently claim I, **Susan R. Martin,** owe. I,

**Susan R. Martin,** would like you to validate this debt so that it is accurate to the penny.

Please do not rely on previous servicers or records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I, **Susan R. Martin,** understand that potential abuses by you or previous servers could have deceptively, wrongfully, unlawfully and or illegally:

1. Increased the principal balance that I owe.
2. Decreased the proper amount applied and attributed toward principle On this account.

3. Assessed, charged and or collected fees, expense and miscellaneous charges that I am legally obligated to pay under this DEED O TRUST/ SECURITY AGREEMENT/NOTE.

It is extremely urgent that you insure that I have not been a victim of such predatory servicing or lending practices.

To insure this, I, **Susan R. Martin**, authorize a thorough review, examination, accounting and audit of my account by a neutral auditing, CPA, and predatory servicing or lending expert. This exam and audit will review this account file from the date of the initial contact, application and the origination of this account to the present date.

In order to conduct the examination and audit of this loan, we need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents, requests and answers to my questions are needed by me and others to insure that this loan:

1. Was originated in lawful compliance with federal and state laws, regulation including, but not limited to Title 62 of the revised statues of the Fair Debt Collection Act, and other laws such as Real Estate Settlement Procedure Act 12 U.S.C 2601 et. Seq.: that any and all sales transfers of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest. This request requires signatures of both parties that constitute a loan. As you know, it takes two or more parties signatures, meeting of the minds and exchange of valuable consideration to create a valid contract.

Page 33

That, the claimed holder in due course of the monetary instrument/ title/asset/note is holding such note in compliance with statues, State and Federal laws and is entitled to the Benefits of payments.

That, all good faith and reasonable disclosure of transfers, sales, Power of Attorney, Monetary instrument of ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees, etc., where and still are properly disclosed to me.

That, each server and sub-server of this loan and or agreement has Serviced this loan and or agreement in accordance with the statue, law, and the term of agreement, monetary instrument and or title.

That this agreement and or loan account has properly been credited, debited, adjusted, amortized and charged correctly, that the principal and fees have been properly calculated and applied to this loan.

That any principal balance has been properly calculated, amortized and accounted for, that no charges, fees or expenses, not obligated by us in any agreement, have been charged, assessed or collected from this account.

In order to validate this debt and audit this account, we need copies of

Page 34

pertinent documents to be provided to us. I, **Susan R. Martin,**

need answers, certified in writing, under penalty of perjury to various

servicing questions described below.

For each record kept on computer or any other electronic file or format,

please provide a paper copy of all information in each field or record in

each computer system, program or database used by you that contain any

information on this account or my name.

As such please send me and my Notary Fiduciary at **7874 Barrington**

**Trail,   Jonesboro, Ga.    30236 ,** copies of the documents requested below

as soon as possible.  Please provide copies of:

1. Any and all certified or un-certified security, front and back, used for
   the funding of our account.
2. Any and all "Pool Agreement(s) between **Ocwen Mortgage,**
   **Saxon Mortgage,  and HSBC** and any
   government sponsored entity, hereinafter (GSE).
3. Any and all "Deposit Agreement(s) regarding any "Pool Agreement"
   between **Ocwen Mortgage, Saxon Mortgage, and HSBC.**
4. Any and all "Servicing Agreement(s) between, **Ocwen Mortgage,**
   **Saxon Mortgage and HSBC,** and any other GSE.
5. Any and all " Custodial Agreement(s) between **Ocwen Mortgage,**
   **Saxon Mortgage, and HSBC.**
6. Any and all "Master Purchasing Agreement between  **Ocwen ,**
   **Saxon Mortgage,  HSBC,**  and GSE.
7. DEED OF TRUST  / SECURITY AGREEMENT, **Ocwen**
   **Mortgage,  Saxon Mortgage** and  any GSE.
8. Any and all "Commitment to Guarantee" agreement(s) between
   **Ocwen Mortgage, Saxon Mortgage, HSBC,**  and

GSE.

9. Any and all "Release of Document" agreement(s) between **Ocwen Mortgage, Saxon Mortgage, HSBC,** and GSE.

10. Any and all "Master Agreement for Servers Principle and interest Custodial Account" between **Ocwen Mortgage, Saxon Mortgage, HSBC,** and GSE.

11. Any and all "Servers Escrow Custodial Account" between **Ocwen Mortgage, Saxon Mortgage, HSBC**, and any GSE.

12. Any and all "Release of Interest" agreement(s) between **Ocwen Mortgage, Saxon Mortgage, HSBC,** and any GSE.

13. Please send to the purchaser a copy of any and all document(s) establishing any Grantor for this title and note.

14. All assignments, transfers, allowance, or other document evidencing a transfer, sale or assignment of this loan, monetary instrument or other document that secure payment by us to this obligation in this account from the inception of this account to the present date.

15. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servers of this account for payment of any monthly payment, other payment, late charge, fee or expense on this account.

16. The front and back of each and every canceled check, draft, debit or debit notice issued for payment of closing costs, fees, and expenses listed on any and all disclosure statement(s) including, but not limited to appraisal fees, etc.

17. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payment made by others or me on this account.

18. All letters, statements and documents sent to us by **Ocwen Mortgage, Saxon Mortgage, HSBC,** and any GSE.

19. All letters, statements and documents sent to me by **Ocwen Mortgage, Saxon Mortgage, HSBC,** any GSE, attorneys and or representatives of your companies.

20. All agreements, contracts and understandings with vendors that have been paid for any charge on this account from this inception of this account to the present date.

21. All account servicing records, payment payoffs, payoff calculation,

payment records, transaction history, account history, accounting records, ledgers and documents that relate to the accounting of this account from its inception of this account until present time.

22. All account servicing transaction records, ledgers, registers and similar items detailing how this account has been servicing from the date of inception of this account until present date.

23. Who loaned the money for this loan, or was it funded by my own Pass-though account know as my Social Security number (Federal Reserve Account).

## VERIFICATION

Personally appeared before me, undersigned attested officer, I, **Susan**

**R. Martin,**  state under oath that the facts contained in the

foregoing complaint are true and correct to the best of  his

knowledge.

**Susan R. Martin**

**Sworn to and subscribed before me**
**This** _16_ **day of** _November_, 2010

**Notary Public**

**My commission Expires** _11 -7-2011_

TWANY EDWARDS
Notary Public
Fulton County
State of Georgia
My Commission Expires Nov 7, 2011

**Page 37**